IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

JOSEPH SHIRAEF                               *

vs.                                                    * Civil Action No: 22-cv-02638-RM

AMERISTAR CASINO                        *
BLACK HAWK, LLC, et al.
                                                         *
    Defendants.
\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **PLAINTIFF'S BRIEF IN OPPOSITION TO AMERISTAR AND GAMING AND LEISURE PROPERTIES, INC.'S MOTION TO DISMISS**

/s/ Abraham Carpio
Abraham Fernando Carpio, Esq.
Bar Number: 25443
Prince George's Professional Park
Toledo Terrace
Suite B-201
Hyattsville, MD 20782
Phone: (301) 559-8100
*Counsel for Joseph Shiraef*

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS……………………………………………………….II

TABLE OF AUTHORITIES…………………………………………………...III

PROCEDURAL STANDARD………...…………..………………………………1

ARGUMENT……………………………………………………………………….1

    I.    Shiraef States a Claim for False Imprisonment against Ameristar and GLPI...1

    II.    Ameristar Acted Under Color of Law Through Joint State Action and are Liable under § 1983 for Violating Shiraef's Constitutional Rights…………..4

    III.    Shiraef States a Claim for Conversion against Ameristar and GLPI………..7

    IV.    Shiraef States a Claim for Negligence against Ameristar and GLPI…………9

    V.    C.R.S § 44-30-828 Does Not Apply……………………………………10

CONCLUSION…………………………….………………………………….....11

CERTIFICATE OF SERVICE…………………………………………………….13

# TABLE OF AUTHORITIES

**Cases**                                                                                                                    **Pages**

*Adickes v. S.H. Kress & Co.*,
   398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) ......................................................... 4

*Bray v. Alexandria Women's Health Clinic*,
   113 S.Ct. 753, 791, 506 U.S. 263, 330 (U.S.,1993) ............................................................ 4

*Byron v. York Inv. Co.*,
   296 P.2d 742, 745, 133 Colo. 418, 424 (Colo. 1956) ......................................................... 7

*Cary v. United of Omaha Life Ins. Co.*,
   68 P.3d 462, 465 (Colo.2003) ............................................................................................ 9

*Dennis v. Sparks*,
   449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980) ........................................................... 4

*Director General of Railroads v. Kastenbaum*,
   44 S.Ct. 52, 53, 263 U.S. 25, 27 (U.S. 1923) ..................................................................... 3

*Dronsejko v. Thornton*,
   632 F.3d 658, 666 (10th Cir.2011) ..................................................................................... 3

*Gallagher v. Neil Young Freedom Concert*,
   49 F.3d 1442, 1453 (C.A.10 (Utah),1995) .......................................................................... 4

*Goodboe v. Gabriella*,
   663 P.2d 1051, 1055–6 (Colo.App.1983) .......................................................................... 1

*Grosch v. Tunica Cnty., Miss.*,
   2008 WL 114773 (N.D.Miss., 2008) ................................................................................... 2

*Grosch v. Tunica Cty., Miss.*,
   No. CIV A 2:06CV204-P-A, 2009 WL 161856 (N.D. Miss. Jan. 22, 2009) ................... 6

*In re Zagg, Inc. Securities Litigation*,
   797 F.3d 1194, 1201 (C.A.10 (Utah), 2015) ....................................................................... 3

*Johnson v. Rodrigues*,
   293 F.3d 1196, 1205 (C.A.10 (Utah),2002) ....................................................................... 4

*Kettelhut v. Edwards*,
   177 P. 961, 962, 65 Colo. 506, 508 (Colo. 1919) .............................................................. 3

*Luck v. Mount Airy, LLC.*,
   901 F. Supp. 2d 547, 557 (M.D. Pa. 2012) ........................................................................ 6

*Lugar v. Edmondson Oil Co.*,
   457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982) ....................................................... 4

*Metro. Gas Repair Serv., Inc. v. Kulik*,
   621 P.2d 313, 317 (Colo.1980) ......................................................................................... 9

*Mills v. PPE Casino Resorts Md., LLC*,
   Civil Action No. RDB-15-495, 2017 U.S. Dist. LEXIS 105977 (D. Md. July 10,
   2017) ................................................................................................................................. 6

*Ruiz v. McDonnell*,
   299 F.3d 1173, 1181 (C.A.10 (Colo.),2002) ...................................................................... 1

*Taco Bell, Inc. v. Lannon*,
   744 P.2d 43, 46 (Colo.1987) ............................................................................................. 9

*Tsao v. Desert Palace, Inc.*,
   698 F.3d 1128 (9th Cir. 2012)……………………………………………………….12

*Valanzuela v. Snider*,
   889 F.Supp. 1409, 1423 (D.Colo.,1995) ........................................................................... 3

*Vigil v. Franklin*,
   103 P.3d 322, 325 (Colo.2004) ......................................................................................... 9

*Wells v. Ward*,
   470 F.2d 1185, 1187 (C.A.10, 1972) ................................................................................ 1

## PROCEDURAL STANDARD

A Rule 12(b)(6) motion to dismiss may be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling her to relief under her theory of recovery. *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (C.A.10 (Colo.),2002).

## ARGUMENT

### I. Shiraef States a Claim for False Imprisonment against Ameristar and GLPI

The elements of tortious false imprisonment under Colorado law are:

(1) that defendant intended to restrict a plaintiff's freedom of movement;

(2) that plaintiff's freedom of movement was restricted for a period of time, however short, either directly or indirectly by an act of defendant; and

(3) that plaintiff was aware that his freedom of movement was restricted.

*Goodboe v. Gabriella*, 663 P.2d 1051, 1055–6 (Colo.App.1983). The United States Court of Appeals for the Tenth Circuit has made clear that even "the slightest interference with personal liberty is a false imprisonment." *Wells v. Ward*, 470 F.2d 1185, 1187 (C.A.10, 1972).

#### a. Ameristar Detains Shiraef by Refusing to Cash Out His Chips Unless he Provides ID

Even *prior* to Gaming Agent Joseph Nguyen detaining Shiraef in the casino garage at the direction of Ameristar, the casino has already unlawfully detained Shiraef by refusing to cash out his chips.

This exact context was addressed in Grosch, where a federal court rejected a casino's argument that they were not liable under 42 U.S.C. § 1983 for detaining a patron first by refusing to cash out his chips, then by summoning police to detain him to obtain his ID. The court concluded that "the plaintiff has created a genuine issue of material fact as to whether the casino officials acted in concert with Tunica County Deputies Ray and Mosby… the **casino was effectively preventing the plaintiff from leaving by not allowing him to cash in his chips unless he gave them his ID card**…" *Grosch v. Tunica Cnty., Miss.*, 2008 WL 114773, at *9 (N.D.Miss., 2008) (emphasis added).

Thus even prior to Ameristar summoning Gaming Agent Joseph Nguyen, and directing him to detain Shiraef, the casino had already falsely imprisoned Shiraef by refusing to cash his chips unless he allowed casino staff to take possession of his ID.

### b. Ameristar Procured Shiraef's Second Unlawful Detention by Directing Gaming Agent Nguyen to Detain him for the Casino's Private Purpose

Ameristar and Gaming and Leisure Properties, Inc. ("GLPI") do not argue that Shiraef's detention was lawful, rather they contend only that they should not be held liable because it was Gaming Agent Joseph Nguyen and Officer Whitman that detained Shiraef. They argue that Shiraef was not physically blocked from leaving by casino personnel and was able to walk to his car and drive until being detained by Nguyen.

Ameristar and GLPI are mistaken however because Colorado law does not require that a defendant have personally detained the plaintiff, rather it is sufficient to allege that the defendant procured the detention by directing another party to detain the

2

plaintiff. See *Valanzuela v. Snider*, 889 F.Supp. 1409, 1423 (D.Colo.,1995) (One may be liable for false imprisonment though his or her conduct, for example as an instigator, was only an indirect cause of the false imprisonment.). See e.g. *Kettelhut v. Edwards*, 177 P. 961, 962, 65 Colo. 506, 508 (Colo. 1919) (concluding that a defendant was liable for ratifying a detention where they directed that detention.). See also *Director General of Railroads v. Kastenbaum*, 44 S.Ct. 52, 53, 263 U.S. 25, 27 (U.S. 1923) ("The action for false imprisonment is in the nature of a trespass for a wrong or illegal act in which the defendant must have personally participated directly or by indirect procurement.").

Ameristar and GLPI also argues that the allegations concerning the casino's participation in the arrest are conclusory. However, the complaint clearly alleges that Ameristar directed Gaming Agent Joseph Nguyen (Pls. Compl. ¶ 63) and avers with sufficient specificity the nature of the casino's unlawful procurement of Shiraef's detention, averring that "Ameristar directed Nguyen to detain Shiraef and use his official authority to coerce him into giving his ID so the casino could put his information in databases." (Id. ¶ 87). The Tenth Circuit has made clear that at the motion to dismiss stage we "accept all factual allegations in the complaint as true." *In re Zagg, Inc. Securities Litigation*, 797 F.3d 1194, 1201 (C.A.10 (Utah), 2015) (quoting *Dronsejko v. Thornton*, 632 F.3d 658, 666 (10th Cir.2011)).

Accordingly, Shiraef's complaint also states a claim against Ameristar and GLPI for false imprisonment based on Shiraef's second unlawful detention, procured by Ameristar through its direction of Gaming Agent Joseph Nguyen to detain Shiraef.

3

## II.  Ameristar Acted Under Color of Law Through Joint State Action and are Liable under § 1983 for Violating Shiraef's Constitutional Rights

It is well established that private parties who act in concert with state actors to violate a plaintiff's constitutional rights are deemed to have acted under color of law and liable under § 1983. *Bray v. Alexandria Women's Health Clinic*, 113 S.Ct. 753, 791, 506 U.S. 263, 330 (U.S.,1993). See *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

Under the joint action test, "state action is… present if a private party is a 'willful participant in joint action with the State or its agents.' " *Johnson v. Rodrigues*, 293 F.3d 1196, 1205 (C.A.10 (Utah),2002) (citing *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1453 (C.A.10 (Utah),1995)); *Dennis v. Sparks*, 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980).

Ameristar and GLPI do not dispute that Joseph Nguyen and officer Whitman violated Shiraef's constitutional rights by illegally detaining him but argue that the allegations concerning the casino's participation in the detention are conclusory. To the contrary, the complaint clearly alleges with that Ameristar directed Gaming Agent Joseph Nguyen (Pls. Compl. ¶ 63) and avers with sufficient specificity the nature of the casino's unlawful procurement of Shiraef's detention, averring that "Ameristar directed Nguyen to detain Shiraef and use his official authority to coerce him into giving his ID so the casino could put his information in databases." (Id. ¶ 87). Nguyen proceeded to

4

do so, and fulfill the casino's private purpose of obtaining Shiraef's information to place in databases as advantage player, without having any evidence that Shiraef had engaged in any wrongdoing. (See Id. ¶ 90).

*Grosch* is particularly instructive on this point, and is essentially on point with the current matter. In *Grosch*, also cited above, a casino refused to cash out the chips of the plaintiff who had been counting cards at blackjack and demanded his identification. The plaintiff refused to provide identification. The casino summoned the police. A police officer arrived and demanded identification from the plaintiff. When the plaintiff refused, the police officer arrested the plaintiff for disorderly conduct (later determined by a jury to be, essentially, a subterfuge), and secured plaintiff's identification in a search incident to arrest. The officer then turned over the identification to the casino.

On trial of the plaintiff's claims, this was found to have established violation of 42 U.S.C. § 1983 with respect to all the parties. On the motion challenging the verdict on these facts, the court found that the plaintiff in Grosch had a right to refuse to provide identification, not only to the casino, but to the police officer as well. Further, the court stated, "[T]he deputy did not have the legal right to give the plaintiff's ID to the casino." *Grosch v. Tunica Cty.*, Miss.,[1] No. CIV A 2:06CV204-P-A, 2009 WL 161856, at *4 (N.D. Miss. Jan. 22, 2009). The police officer's liability was based on the application of the

---

[1] Lest the Court not be confused, the reasons the repeat citations to *Grosch* are required is due to the fact that there are two different opinions being addressed, to wit: 1) A denied 2008 decision on a motion for summary judgment by the defendants based on qualified immunity, and 2) A denied 2009 motion for new trial following the jury verdict.

holdings by the Supreme Court in *Terry*,[2] and *Brown*.[3] *Grosch v. Tunica Cty., Miss.*, No. CIV A 2:06CV204- P-A, 2008 WL 114773, at *4 (N.D. Miss. Jan. 8, 2008). Ultimately, the jury awarded the plaintiff $726,000.00. *Grosch v. Tunica Cty., Miss.*, No. CIV A 2:06CV204-P-A, 2009 WL 161856 (N.D. Miss. Jan. 22, 2009), *accord Luck v. Mount Airy, LLC.*, 901 F. Supp. 2d 547, 557 (M.D. Pa. 2012) (Denying qualified immunity to police detaining a person at the request of a casino lacking probable cause to arrest).

*Mills* is also instructive, undersigned counsel represented the plaintiff in that case wherein a casino summoned police to assist them in obtaining Mills' ID by detaining him, and for the purpose of trespassing him from the property for counting cards at blackjack. In *Mills*, as in the present matter, the casino argued that they were not liable under § 1983 as state actors. In rejecting the casino's argument, the court explained that the casino was "directing the actions of Officers Bilter and Shapelow so as to render them joint participants in the officers' official actions." *Mills v. PPE Casino Resorts Md.*, LLC, Civil Action No. RDB-15-495, 2017 U.S. Dist. LEXIS 105977, at *7 (D. Md. July 10, 2017). Also, applicable to this case, the court denied the police defendants qualified immunity after determining that they "were serving the private interests of the casino… and were acting for the casino's private purposes only in their interactions with Mills." Id. at *6-7. Finally, the court concluded that the casino "deprived Mills of his liberty

---

[2] *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1969).
[3] *Brown v. Texas*, 443 U.S. 47, 99 S. Ct. 2637, 61 L. Ed. 2d 357 (1979).

and had no legal justification for doing so, they falsely imprisoned him, and Mills is entitled to summary judgment." Id. at *13.

Here as in *Mills* and *Grosch,* Ameristar summoned law enforcement to obtain Shiraef's identification through means of an unlawful detention, after already having unlawfully detained him by refusing to cash his chips. Accordingly, Shiraef states a claim for violation of his Fourth Amendment right to be free from unreasonable seizure and for conspiracy under § 1983 against all Defendants.

### III. Shiraef States a Claim for Conversion against Ameristar and GLPI

Conversion is any distinct, unauthorized act of dominion or ownership exercised by one person over personal property belonging to another. *Byron v. York Inv. Co.*, 296 P.2d 742, 745, 133 Colo. 418, 424 (Colo. 1956).

Ameristar argues that they had "a qualified right of refusal to cash Plaintiff's chips for his failure to present his ID." This is incorrect, Ameristar did not have a qualified right to refuse to cash Shiraef's chips unless he provided his ID. The law in Colorado is quite clear, it requires that a casino "licensee **shall**, upon the request of a person, redeem the licensee's gaming chips surrendered by that person…" Colo. Rev. Stat. § 44-30-819 (emphasis added). Nowhere in this statute is there any mention that any person is required to show their ID to cash out their ships. Ameristar's representation that Shiraef was required to produce ID to cash out is simply false.

Second, Ameristar misrepresents the facts, the complaint makes clear that "Shiraef

7

had already shown his ID multiple times at the entrance, at the table games and had even been given a wristband which demonstrated that casino staff had confirmed he was above the age of 21." (Pls. Compl. ¶ 17). Even then Shiraef *did* show his ID to the casino shift manager when asked. (Id. ¶ 18). The complaint makes clear that Ameristar only sought Shiraef's ID so they could record it his personal information in casino databases as a card counter (Id. ¶¶ 19, 23, 43, 87, 90). Nowhere in the record is there any indication that the casino was concerned with verifying Shiraef's age, to the contrary, Shiraef had already provided his ID numerous times to casino personnel, had even been given a wristband which verified that he was above the age of 21, and moreover he did in fact provide ID when asked by the shift manager. It was only when the shift manager sought physical possession of Shiraef's ID so that he could scan Shiraef's ID into online databases such as Oregon Surveillance Network and Biometrica (see Pls. Compl. ¶ 106) that Shiraef declined to hand over his ID as he was lawfully entitled to do.

At bottom, the casino was legally required to cash out Shiraef's chips, and they violated Colo. Rev. Stat. § 44-30-819 by refusing to cash out Shiraef's chips unless he let them take physical possession of his ID. The moment that Ameristar refused to cash out Shiraef's chips as required by Colorado law, they undertook a distinct unauthorized act of ownership, control, and dominion over Shiraef's $1,800 in chips and committed conversion of Shiraef's money and property.

8

**IV.     Shiraef States a Claim for Negligence against Ameristar and GLPI**

In cases involving negligent torts, a common law prima facie cause of action requires the proof of four elements: a plaintiff must show that first, the defendant owed a legal duty of care; second, the defendant breached that duty; third, the plaintiff was injured; and fourth, the defendant's breach caused that injury. *Vigil v. Franklin*, 103 P.3d 322, 325 (Colo.2004). Whether a defendant owes a duty to a plaintiff is a question of law to be determined by the court. *E.g., Cary v. United of Omaha Life Ins. Co.*, 68 P.3d 462, 465 (Colo.2003). "The existence and scope of the duty" essentially addresses "whether the plaintiff's interest that has been infringed by the conduct of the defendant is entitled to legal protection." *Taco Bell, Inc. v. Lannon*, 744 P.2d 43, 46 (Colo.1987) (quoting *Metro. Gas Repair Serv., Inc. v. Kulik*, 621 P.2d 313, 317 (Colo.1980)).

As a licensed gaming establishment, Ameristar owed Shiraef as a business invitee a duty to ensure that all employees are properly trained to comply with all applicable Colorado laws, regulations. Ameristar breached this duty by training employees "to obtain the identification of patron's suspected of being card counters, for the purpose of placing the patron's information in databases such as Oregon Surveillance Network and Biometrica, and by employing such illegal methods as refusing to cash out the patron until and unless they hand over their ID." (Pls. Compl. ¶ 106).

Ameristar's breach of its duty to properly train its employees also directly and proximately caused Shiraef to be unlawfully detained when Ameristar personnel refused

9

to cash in his chips, and illegally detained a second time through Ameristar's concerted action with Nguyen and Whitman. Each are independent links that demonstrate a breach of Ameristar's duty of care towards a patron, and combined, form a strong chain of misconduct that proximately produced Shiraef's damages.

### V.     C.R.S § 44-30-828 Does Not Apply

Ameristar and GLPI argue that C.R.S. § 44-30-828 immunizes them from civil liability. C.R.S. § 44-30-828 provides that:

> **(1)** Any licensee or an officer, employee, or agent thereof may question any person in the licensee's establishment **suspected of violating any of the provisions of this article 30**. A licensee or any officer, employee, or agent thereof is not criminally or civilly liable:
> (a) On account of any such questioning; or
> (b) For reporting to the division, commission, or law enforcement authorities the person suspected of the violation.
> **(2)** Any licensee or any officer, employee, or agent thereof who **has probable cause to believe that there has been a violation of this article 30** in the licensee's establishment by any person may take that person into custody and detain him or her in the establishment in a reasonable manner and for a reasonable length of time. Such a taking into custody and detention does not render the licensee or the officer, employee, or agent thereof criminally or civilly liable unless it is established by clear and convincing evidence that the taking into custody or detention is unreasonable under all the circumstances.

C.R.S. § 44-30-828 (emphasis added). Thus, the statute immunizes a casino and its agents only insofar as they (1) question a person suspected of violating article 30, or (2) detain an individual based upon probable cause to believe that they violated article 30.

Here however, Ameristar and GLPI have failed to assert the threshold requirement of identifying the article 30 violation of which Shiraef was suspected of having

10

committed. Ameristar and GLPI detained Shiraef, and thus could only assert the protections of C.R.S. § 44-30-828 by showing that they had probable cause to believe that he violated article 30. They state that the statute grants civil impunity to casino employees who question a patron regarding "any purported violation of the gaming rules or report such purported violation or the Colorado Gaming Commission or law enforcement authorities" yet nowhere in their motion to dismiss has Ameristar and GLPI alleged any violation of article 30 by Shiraef. Accordingly, C.R.S. § 44-30-828 cannot apply to shield the casino or GLPI from civil liability.

To the contrary, the facts establish that the casino never suspected Shiraef of committing any violation of the gaming rules or Colorado state law, instead they believed Shiraef was counting cards at blackjack which is well established to be a completely legal activity.

Ameristar and GLPI repeatedly argue that they did not falsely imprison Shiraef prior to Gaming Agent Joseph Nguyen detaining him in the casino parking garage. However, *Grosch* clearly establishes that when a casino refuses to cash out an individual suspected of counting cards, that refusal in itself constitutes false imprisonment. See *Grosch v. Tunica Cnty., Miss.*, *supra*, at *9.

## CONCLUSION

Ameristar and GLPI did not possess probable cause nor even suspected that Shiraef committed any violation of the law or the Colorado gaming rules under article 30. To the contrary, they either knew or suspected that Shiraef was counting cards at blackjack

11

which is well established as a legal activity. See *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1131 (9th Cir. 2012). Accordingly, they cannot assert C.R.S. § 44-30-828 as a defense to Shiraef's claims, and their motion to dismiss should be denied.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /s/ Abraham Carpio |
| Dated: December 28, 2022 | Abraham Fernando Carpio, Esq. |
|  | Bar Number: 25443 |
|  | Prince George's Professional Park |
|  | 3311 Toledo Terrace |
|  | Suite B-201 |
|  | Hyattsville, MD 20782 |
|  | Phone: (301) 559-8100 |
|  | *Counsel for Joseph Shiraef* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 28th day of December, 2022 that Plaintiff's Brief in Opposition to Ameristar and GLPI's Motion to Dismiss was served via email on counsel for the Defendants:

Anthony E. Derwinski, Esq.
Ruegsegger Simons & Stern, LLC
1700 Lincoln Street, Suite 4500
Denver, Colorado 80203
aderwinski@rs3legal.com

J. Scott Lasater
Peter H. Doherty
8822 S. Ridgeline Blvd., Suite 405
Highlands Ranch, CO 80129
peter@lasaterandmartin.com

Katherine M.L. Pratt
Wells, Anderson & Race, LLC
1700 Broadway, Suite 900
Denver, CO 80290
kpratt@warllc.com

/s/ Abraham Carpio
Abraham Fernando Carpio, Esq.