IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Gordon P. Gallagher

Civil Action No. 22-cv-02638-GPG-SBP

JOSEPH SHIRAEF,

    Plaintiff,

v.

AMERISTAR CASINO BLACK HAWK, LLC, ET AL.,

    Defendants.

# ORDER

Before the Court is Plaintiff's Motion to Strike Ameristar's Motion for Summary Judgment (D. 88).  For the following reasons, this motion is DENIED.  Moreover, the Court issues an Order to Show Cause regarding Plaintiff's failure to comply with scheduling deadlines in this matter.

## I. BACKGROUND

Plaintiff Joseph Shiraef (Plaintiff) sued Defendant Ameristar Casino Black Hawk (Ameristar) for—among other things—converting his casino chips (D. 25).  He also sued multiple law enforcement officers for detaining him when he attempted to leave Ameristar's casino (*id.*).  Because Plaintiff's claims against the law enforcement defendants implicated immunity issues, the Court stayed discovery as to those defendants (D. 55).  The Court declined, however, to stay discovery as to Plaintiff's claims against Ameristar (*id.*).  A Scheduling Order governing discovery and motions deadlines for those claims entered on June 27, 2023 (D. 60).  Per the Scheduling

Order, discovery on Plaintiff's claims against Ameristar closed on October 20, 2023, and the deadline to file dispositive motions concerning those claims was November 17, 2023 (*id.*).

Ameristar moved to dismiss the claims against it on December 12, 2022 (D. 26). The Court granted Ameristar's motion to dismiss in part but concluded that Plaintiff had alleged sufficient facts to state a claim for conversion under Colorado law (D. 61). Ameristar moved for summary judgment on this claim on November 13, 2023 (D. 84). Plaintiff did not initially file a substantive response. Instead, on November 27, 2023, he filed what he styles as a "motion to strike" under Federal Rule of Civil Procedure 56(d) (D. 88). Plaintiff's motion asserts that his counsel "attempted on numerous occasions to arrange dates for deposition with opposing counsel in good faith" but opposing counsel "repeatedly ignored these requests," such that Plaintiff was denied his right to "conduct depositions as part of discovery pursuant to Fed. R. Civ. P. 30" (*id.* at 2–3). In Plaintiff's view, "opposing counsel's disregard for [his] right to conduct depositions under Rule 30 is nothing short of outrageous" (*id.* at 3). Plaintiff supported his Rule 56(d) request with an affidavit in which he avers that he requires deposition testimony from certain casino employees and law enforcement officials to respond to Ameristar's motion for summary judgment:

> I require deposition testimony from Dylan Jackson, the Ameristar shift supervisor refused to cash my chips as well as AJ Hardman, the Surveillance Supervisor who communicated directly with Jackson and Nguyen, and coordinated with them. I also require Nguyen's deposition testimony to ascertain his version of events of exactly what Ameristar told him. At this point I am unable to sufficiently support my position on my conversion claim against Ameristar absent Ameristar employees' and Nguyen's deposition testimony.

(*Id.* at 5). Consistent with his motion, Plaintiff's affidavit lays responsibility for his failure to conduct these depositions entirely at Ameristar's feet: "[t]he fact that we have not yet conducted depositions is entirely the fault of Ameristar, because they have failed to cooperate in arranging

2

deposition[s], and ignored my attorney's repeated good faith letters attempting to schedule the same" (*id.*). Finally, Plaintiff attached a series of deposition subpoenas—all dated November 22, 2023—as an exhibit to his motion (*id.* at 14–21). On April 25, 2024, approximately five months after filing his Rule 56(d) motion (and also roughly five months after the dispositive motions deadline), Plaintiff filed a cross motion for summary judgment against Ameristar on his conversion claim and a substantive response to Ameristar's motion for summary judgment, citing testimony from depositions that Plaintiff apparently took after discovery closed (D. 130). The Court turns now to Plaintiff's Rule 56(d) request.

## II. ANALYSIS

Federal Rule of Civil Procedure 56(d) provides that if the party opposing a summary judgment motion "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). To obtain relief under Rule 56(d), the movant must submit an affidavit or declaration "(1) identifying the probable facts that are unavailable, (2) stating why these facts cannot be presented without additional time, (3) identifying past steps to obtain evidence of these facts, and (4) stating how additional time would allow for rebuttal of the adversary's argument for summary judgment." *Cerveny v. Aventis, Inc.*, 855 F.3d 1091, 1110 (10th Cir. 2017). "It is not enough for a party to simply declare that discovery is incomplete, or to describe the desired evidence in general terms; rather, the party must 'state with specificity how the additional material will rebut the summary judgment motion.'" *JAH IP Holdings, LLC v. Mascio*, No. 13-CV-02195-MSK-KLM, 2014 WL 6477923, at *2 (D. Colo. Nov. 19, 2014)

3

(quoting *Garcia v. U.S. Air Force*, 533 F.3d 1170, 1179 (10th Cir. 2008)).  Moreover, Rule 56(d) "does not compel the court to grant a continuance to a party that has been dilatory in conducting discovery." *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1151 (10th Cir. 2006).  Indeed, "the diligence of the moving party is [] critical in determining whether a party's request for discovery relief pursuant to Rule 56(d) should be granted." *White v. Deere & Co.*, No. 13-CV-02173-PAB-NYW, 2015 WL 5081609, at *5 (D. Colo. Aug. 28, 2015).

Plaintiff has not satisfied his burden here.  His affidavit is deficient in at least two ways.  First, it only generally avers that Plaintiff would have liked to take the depositions of certain individuals.  It does not identify any "probable facts" that these depositions would have revealed, nor does it explain how such facts would rebut Ameristar's motion for summary judgment.  The Tenth Circuit has concluded that similarly deficient affidavits cannot support Rule 56(d) requests:

> [P]laintiffs' affidavit merely states in conclusory terms that they were unable to obtain the deposition of Mr. Woodbury, and that they could have conducted further discovery if given more time. Our cases have established that this kind of conclusory affidavit is insufficient. Plaintiffs failed to identify any facts that they believed would be discovered in the deposition of Mr. Woodbury. There was not even an attempt to show how such facts, if discovered, would have been useful in opposing the motions for summary judgment. Plaintiffs made no showing that additional discovery time would have established facts sufficient to create a genuine issue of fact.

*Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir. 1993) (citations omitted).  This Court likewise concludes that these defects preclude granting Plaintiff relief under Rule 56(d).

Second, Plaintiff's affidavit fails to excuse his dilatory behavior in conducting discovery while discovery on his claims against Ameristar remained open.  Plaintiff describes Ameristar's alleged refusal to cooperate with his attempts to schedule depositions as "nothing short of

4

outrageous" (D. 88 at 3). But if this alleged refusal was as outrageous as Plaintiff says, Plaintiff could have and should have brought it to the Court's attention while discovery remained open. Plaintiff did not do that—the record reflects that Plaintiff did not initiate a discovery dispute based on Ameristar's purported refusal to respond to Plaintiff's deposition-scheduling requests. Plaintiff also could have moved to modify the Scheduling Order so that he would have had time to conduct the depositions he claims are essential to his summary judgment position. But again, he chose not to do so.[1] Based on these multiple failures, relief under Rule 56(d) is not warranted.

Finally, the Court acknowledges that Plaintiff appears to have ultimately taken all or some of the depositions that he wanted after discovery closed on his claims against Ameristar without seeking permission from the Court (*see generally* D. 130). While that might appear to moot the issues raised in Plaintiff's Rule 56(d) motion, the Court is concerned that denying Plaintiff's Rule 56(d) motion as moot (instead of simply denying it) would condone Plaintiff's blatant disregard for the applicable Scheduling Order in this matter by implying that the Court will substantively consider evidence adduced at these depositions, Plaintiff's untimely cross motion for summary judgment, and Plaintiff's untimely response to Ameristar's motion.

Plaintiff has never once asked permission to extend any deadline set forth in the Scheduling Order. Nor has he attempted to explain or justify the reasons for his delays. On previous occasions where Plaintiff has failed to comply with some order or procedure, the Court has extended Plaintiff significant slack based on its preference for resolving disputes on their merits—for instance, it elected not to strike Plaintiff's motion asking it to reconsider its dismissal order, even though that

---

[1] This is despite the clear fact that counsel was aware of the need to extend the discovery deadline: in an email dated October 18, 2023, counsel for Plaintiff asked counsel for Ameristar if "he needed to file a motion to extend [the discovery deadline] so that [Ameristar] could provide dates for depositions" (*see* D. 90-1 at 1).

motion was nearly twice as long as the Court's practice standards permit (*see* D. 70); it did not strike Plaintiff's motion to amend, even though Plaintiff failed to confer before filing it and even though Plaintiff failed to attach a redlined version of his proposed amended pleading (*see* D. 86); and it granted Plaintiff an extension of time to respond to Defendant Kimball's motion to dismiss, even though Plaintiff did not attempt to show good cause, as the Local Rules require (*see* D. 116). Enough is enough. As one final attempt to ensure that this matter is justly resolved on the merits, the Court will offer Plaintiff an opportunity to justify his failure to comply with the Scheduling Order. To that end, **it is ORDERED that, within fourteen (14) days of the date of this Order**, Plaintiff shall show cause as to why the Court should not strike his cross motion for summary judgment and his response to Ameristar's motion for summary judgment as untimely.

The Court admonishes Plaintiff that moving forward, it will summarily strike any of Plaintiff's filings that do not comply with the Local Rules, this Court's practice standards, or any Order of the Court.

### III. CONCLUSION

Based on the foregoing, Plaintiff's Rule 56(d) motion is DENIED. It is FURTHER ORDERED that Plaintiff shall SHOW CAUSE as set forth in this Order.

DATED May 22, 2024.

BY THE COURT:

Gordon P. Gallagher
United States District Judge