IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Gordon P. Gallagher

Civil Action No. 22-cv-02638-GPG-TPO

JOSEPH SHIRAEF,

    Plaintiff,

v.

AMERISTAR CASINO BLACK HAWK, LLC,
JOSEPH NGUYEN in his individual capacity, et. al.,

    Defendants.

## ORDER

Before the Court is Defendant Nguyen's Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) (D. 172). Plaintiff asserts a single claim against Defendant Joseph Nguyen (Defendant Nguyen) for unreasonable seizure in violation of C.R.S. § 13-21-131 (which the Parties term the Enhance Law Enforcement Integrity Act (ELEIA)). The substance of the motion is the single issue of whether Nguyen is the sort of peace officer included in the ELEIA. Because the moving party has not clearly established that no material issue of fact remains to be resolved, the motion is DENIED.

It is important to note that Defendant Nguyen appears to ask this Court to determine a Colorado State legal issue of first impression.[1] I am mindful that where no controlling Colorado

---

[1] The Honorable Cynthia J. Jones, County Court Judge for Clear Creek County, has penned two orders finding officers of the Division of Gaming not covered by certain other statutes (D. 172-1; D. 172-2). First, the circumstances of those orders appear to be different than an attempt to hold an officer liable under C.R.S. § 13-21-131. However, even in identical circumstances and with all due respect to Judge Jones, this Court is bound only to follow only the holdings

1

law has either been found or presented, it is the duty of the federal court to attempt to construe the law of the state of Colorado in the manner in which the state's Supreme Court would, if faced with the same facts and issue. *City of Aurora, Colorado v. Bechtel Corp.,* 599 F.2d 382 (10th Cir. 1979); *Burgert v. Tietjens,* 499 F.2d 1 (10th Cir. 1974). Such a request should only be undertaken when necessary. Given the possibility of an unresolved factual dispute which could be dispositive of this issue, this Court will not weigh in on the legal issue of first impression when it may be entirely unnecessary to resolve the issue because of a potential factual dispute.

## I.  FACTS

The facts of this matter are well known to the Parties and have been extensively addressed in prior orders. Only a brief recitation is required: Defendant Joseph Nguyen is a Colorado gaming agent.

## II.  LEGAL STANDARD

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) may be filed only "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c). A Rule 12(c) Motion is evaluated under the same standard applicable to a Rule 12(b)(6) motion to dismiss. *See Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223–24 (10th Cir. 2009). But the court considers a broader factual record when evaluating a Rule 12(c) motion; the court is not limited to the well-pleaded allegations contained in the Complaint but instead considers "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *L-7 Designs, Inc. v. Old Navy,*

---

of the Colorado Supreme Court when it comes to defining Colorado law—even opinions from the Colorado Court of Appeals are only persuasive rather than binding on this Court. I thus must consider this as an issue of first impression and therefore tread with appropriate care.

*LLC*, 647 F.3d 419, 422 (2d Cir. 2011); *see also Hall v. D.C.*, 867 F.3d 138, 152 (D.C. Cir. 2017) ("A Rule 12(c) motion considers the defendants' answers together with the complaint...."); *Housing Auth. Risk Retention Grp., Inc. v. Chicago Housing Auth.*, 378 F.3d 596, 600 (7th Cir. 2004) ("In a motion for judgment on the pleadings, the court considers the pleadings alone, which consist of the complaint, the answer, and any written instruments attached as exhibits."). The Court accepts all of Plaintiff's well-pleaded allegations as true, views those allegations in the light most favorable to the non-moving party, and additionally affords the non-movant all reasonable inferences from those allegations. *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012).

A court should not grant a Rule 12(c) motion unless "the moving party clearly establishes that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Ciber, Inc. v. ACE Am. Ins. Co.*, 261 F. Supp. 3d 1119, 1125 (D. Colo. 2017). A motion for a judgment on the pleadings "only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court." 5C Charles Alan Wright et al., Federal Practice & Procedure § 1367 (3d ed., Apr. 2019 update).

### III.  ANALYSIS

The ELEIA, which allows for a civil action against officers for a deprivation of rights, C.R.S. § 13-21-131, applies to certain defined groups of peace officers who are denoted by reference to the peace officer definition in C.R.S. § 24-31-901(3):

> "Peace officer" means any person employed by a political subdivision of the state required to be certified by the P.O.S.T. board pursuant to section 16-2.5-102, a Colorado state patrol officer as described in section 16-2.5-114, and any noncertified deputy sheriff as described in section 16-2.5-103(2).

Colorado law recognizes a variety of other sorts of peace officers beyond those set forth in § 24-31-901(3).  *See generally*, C.R.S. §§ 16-2.5-102 through 152.  Colorado law recognizes some individuals employed with the division of gaming as peace officers.

> The director of the division of gaming in the department of revenue or a gaming investigator in the department of revenue is a peace officer while engaged in the performance of his or her duties whose primary authority shall be as stated in section 44-30-204 and shall also include the enforcement of all laws of the state of Colorado and who may be certified by the P.O.S.T. board.

C.R.S.  § 16-2.5-123.

Defendant Nguyen is identified throughout the pleadings in this action as a "gaming agent." The only time he played a different factual tune was in his Reply wherein he stated "Joseph Nguyen acted in the capacity of a gaming investigator . . ." (D. 173 at 3).

Unfortunately, the Parties are unspecific with their definitions vis-à-vis this issue. Precision matters.  C.R.S. § 16-2.5-123 and Colorado Department of Revenue Policy Manual, Policy 100.3.1 (D. 173-1) both denote as a peace officer the director of the division of gaming or a "gaming investigator."  Nguyen is described in the Consolidated Complaint as a "gaming agent" (*see e.g.* D. 153 at 11 ¶. 36).  Nguyen admits to being an "agent" (D. 156 at 2 ¶. 3) and to being

4

employed as a "Gaming Division Agent" (*id*. at 22 ¶. 156).[2] It is unclear to the Court whether a gaming agent is the same as a gaming investigator or whether one is required to be P.O.S.T. certified. This Court has no idea and no Party ever addresses the issue. The statute, § 16-2.5-123, describes two types of employees at the division of gaming—the director and investigators. Logic would dictate that there are other categories of staff as well.[3] Ngyuen is identified as an agent. Perhaps an agent and an investigator are synonymous, perhaps not. This Court may only grant a Rule 12(c) motion when the moving party clearly establishes that no material issue of fact remains to be resolved and the moving party has not met this burden. This Court will not assume facts in evidence nor opine on a legal issue of first impression when unclear that the issue needs resolution.

## IV.  CONCLUSION

The motion is thus DENIED.

DATED July 10, 2025.

BY THE COURT:

Gordon P. Gallagher
United States District Judge

---

[2] Rather notably, he refers implicitly refers to himself as a police officer and hints that he identified himself to Shiraef as such in his motion to dismiss. (D. 45 at 11-12).

[3] For example, a police or sheriff's department generally has technicians, investigators, officers, deputies, secretaries, etc. Some of these employees are P.O.S.T. certified and others not. While this Court is not presently deciding the issue, at bottom, C.R.S. § 16-2.5-102 would appear to apply only to individuals possessing P.O.S.T. certification. In the present briefing, the Parties do not enlighten the Court as to that fact and the Court will not presume Nguyen is so certified.