# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-02638-GPG-TPO
(consolidated with 1:23-cv-02702-PAB-MEH)

JOSEPH SHIRAEF,

     Plaintiff,

vs.

AMERISTAR CASINO BLACK HAWK, LLC and
JOSEPH NGUYEN, in his Individual Capacity,

     Defendants.

---

## FINAL PRETRIAL ORDER

---

## 1.    DATE AND APPEARANCES

A Final Pretrial Conference was held before Judge Gordon P. Gallagher on

February 3, 2026 at 1:15 p.m. via videoconference with the parties appearing as follows:

For Plaintiff:

Harris Ammerman
Law Office of Harris S. Ammerman
1115 Massachusetts Ave. NW
Washington, DC 20002
(301) 655-0606
hsaaba@aol.com

For Defendant Ameristar:

Anthony E. Derwinski
Ruegsegger Simons & Stern, LLC
1700 Lincoln St., Ste. 4500
Denver, CO 80203
303-623-1131
aderwinski@rs3legal.com

For Defendant Nguyen:

Katherine M.L. Pratt
Ruegsegger Simons & Stern, LLC
1700 Lincoln St., Ste. 4500
Denver, CO 80203
303-575-8061
kpratt@rs3legal.com

## 2.    JURISDICTION

The remaining claims in this matter arise under the laws of the State of Colorado. Jurisdiction is retained by this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

## 3.    CLAIMS AND DEFENSES

**Plaintiff:** On October 20, 2021, Plaintiff attempted to redeem $1,800 in Ameristar gaming chips, and Ameristar refused to redeem the chips unless Plaintiff surrendered his identification. Plaintiff contends that Ameristar's conditioning redemption on surrender of Plaintiff's identification constituted an unauthorized exercise of dominion and control over Plaintiff's property and therefore conversion under Colorado law. Plaintiff further contends that Defendant Joseph Nguyen, while acting under color of law and within the scope of his duties as a Colorado Division of Gaming investigator/peace officer, seized and detained Plaintiff in the Ameristar parking garage without reasonable suspicion, probable cause, or other lawful justification, in violation of Article II, § 7 of the Colorado Constitution, and that Nguyen is liable for that constitutional violation under C.R.S. § 13-21-131.

Plaintiff disputes Defendants' affirmative defenses. With respect to the conversion claim, Plaintiff disputes that Ameristar's refusal to redeem Plaintiff's chips was authorized or immunized by the gaming statutes, including C.R.S. §§ 44-30-828 and 44-30-809, and contends that Ameristar did not genuinely suspect Plaintiff of underage gambling and instead sought Plaintiff's identification for reasons unrelated to any genuine age-verification concern. Plaintiff also disputes any contention that Plaintiff abandoned,

2

waived, or is otherwise barred from pursuing the conversion claim. Plaintiff further disputes that Nguyen is not a "peace officer" subject to C.R.S. § 13-21-131 and disputes that Nguyen's detention was lawful or objectively reasonable. Plaintiff seeks economic and non-economic compensatory damages, punitive damages, prejudgment interest where applicable, costs, and attorney's fees as authorized by C.R.S. § 13-21-131, and any other relief allowed by law.

**Defendant Ameristar:** The sole remaining claim against Ameristar is a state law conversion claim regarding $1,800 dollars in casino chips. Ameristar denies that it committed conversion. Plaintiff is still in possession of the chips. Ameristar had a statutory right to verify Plaintiff's age prior to cashing out his chips. *See* C.R.S. § 44-30-828 and § 44-30-809. "Any licensee…may question any person in the licensee's establishment suspected of violating any of the provisions of this article 30. A licensee or any officer, employee, or agent thereof is not criminally or civilly liable." C.R.S. § 44-30-828(1). Ameristar also asserts these additional affirmative defenses: (1) Plaintiff abandoned his conversion claim when he left Ameristar with his casino chips "intending to resolve the matter regarding the refusal to cash his chips later." (D. 153 at ¶ 34); (2) Ameristar did not breach any legal duty owed to Plaintiff; (3) Plaintiff's claimed damages concerning conversion were caused by his own acts or omissions, including comparative fault; (4) Plaintiff failed to mitigate his damages, if any; (5) Plaintiff's conversion claim is barred by the doctrines of waiver, laches, unclean hands, estoppel and avoidable consequences.

Plaintiff's damages as to the conversion claim are limited to $1,800 dollars. No exemplary or treble damages are applicable to this claim as: (1) state law controls and

Colorado law requires leave to amend the Complaint to add exemplary damages. *See* C.R.S. § 13-21-102; *Leidholt v. District Court*, 619 P.2d 768 (Colo. 1980); *Stamp v. District Court*, 173 P.3d 449 (Colo. 2007); (2) Plaintiff never sought leave to add an exemplary damages claim regarding the purported conversion; and (3) the deadline to amend the pleadings as to the conversion claim lapsed long ago.

**Defendant Nguyen:** The only remaining claim against Mr. Nguyen is a claim for violation of the Colorado Constitution pursuant to the Enhance Law Enforcement Integrity Act ("ELEIA"), C.R.S. § 13-21-131. Plaintiff's claim is predicated on the notion that Mr. Nguyen wrongfully detained him. Mr. Nguyen denies that any wrongful detention occurred. Mr. Nguyen was not a "peace officer" as that term is defined in ELEIA because he was not employed by a political subdivision of the state at the time of the underlying events. Accordingly, the sole remaining claim is not legally cognizable and fails to state a claim as a matter of law. Furthermore, Mr. Nguyen asserts the following defenses and affirmative defenses: (1) All or part of Plaintiff's claims fail to achieve the level of any constitutional violation sufficient to state a claim under C.R.S. § 13-21-131 or otherwise; (2) Defendant Nguyen is entitled to the application of the statutory cap for damages set out in C.R.S. § 13-21-131, and to the application of any statutory cap for personal injury damages as set forth in the Colorado Revised Statutes; (3) At all times pertinent herein, Defendant Nguyen acted in accordance with all common law, statutory and constitutional obligations and without any intent to cause Plaintiff undue harm; (4) Defendant Nguyen lacked the requisite intent to establish any claim against him; (5) Defendant Nguyen did not breach any legal duty allegedly owed to Plaintiff; (6) Plaintiff's injuries and damages,

4

if any, were caused by his own acts or omissions, either independent of or in combination with or through the acts or omissions of third parties, over whom Defendant Nguyen possessed no ability to control or right of control; (7) Plaintiff's injuries and damages, if any, are not to the extent and nature as alleged; (8) Some or all of Plaintiff's injuries and damages, if any, were either pre-existing or not aggravated by any action or omission of Defendant Nguyen, nor proximately caused by or related to any act or omission of Defendant Nguyen; (9) Defendant Nguyen was lawfully exercising the powers conferred upon him and was justified briefly detaining Plaintiff; (10) The actions of Defendant Nguyen were at all times legally privileged; (11) Plaintiff's allegations and claims are barred, in whole or in part, to the extent any aspect of the Complaint or Plaintiff's conduct gives rise to a defense by Defendant Nguyen based on the doctrine(s) of legal justification, laches, unclean hands, estoppel, waiver, avoidable consequences and/or after acquired evidence; (12) All actions of Defendant Nguyen were objectively reasonable; (13) Plaintiff may have failed to reasonably mitigate his alleged damages, if any.

## 4.    STIPULATIONS

None.

## 5.    PENDING MOTIONS

## 6.    WITNESSES

a.    Nonexpert witnesses to be called by each party:

(1) witnesses who <u>will</u> be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

5

**Plaintiff:**

1.      Joseph Shiraef, c/o Harris Ammerman, Law Office of Harris S. Ammerman, 1115 Massachusetts Ave. NW, Washington, DC 20002, (301) 655-0606, is expected to testify regarding his background, the events at Ameristar Casino on October 19-20, 2021, including but not limited to his gaming activity, his attempt to cash out his gaming chips, his interactions with casino personnel and Defendant Nguyen, the stop/detention in the parking garage, and his damages, as well as any matter raised in his deposition testimony, discovery responses, or prior statements.

2.      Joseph Nguyen, c/o Katherine M.L. Pratt, 1700 Lincoln St., Denver, CO 80203, 303-575-8061, is expected to testify regarding his background, training, and role as a Division of Gaming investigator, his interactions with Plaintiff and others regarding the events of October 19-20, 2021, his communications with casino personnel and Black Hawk Police, the reasons for and duration of the stop, and any matter raised in his deposition testimony or prior statements.

3.      Dylan Jackson, c/o Anthony Derwinski, 1700 Lincoln St., Denver, CO 80203, 303-623-1131, is expected to testify regarding his background and employment at Ameristar, the events of October 19-20, 2021 including his attempt to identify Plaintiff as an advantage player, and regarding Plaintiff's attempt to cash out his chips, communications with other Ameristar employees and Defendant Nguyen, and any matter raised in his deposition testimony or prior statements.

4.      AJ Hardman, c/o Anthony Derwinski, 1700 Lincoln St., Denver, CO 80203, 303-623-1131, is expected to testify regarding his background and employment at

Ameristar, the events of October 19-20, 2021, including surveillance of Plaintiff, his communications with Defendant Nguyen and others, and any matter raised in his deposition testimony or prior statements.

5.    Stephanie Whitman, c/o Peter H. Doherty, 8822 South Ridgeline Boulevard, Suite 405, Highlands Ranch, CO 80129, 303-730-3900, is expected to testify regarding her role as a Black Hawk Police Department officer, her arrival at and observations of the October 19-20, 2021 stop, her interactions with Plaintiff and Defendant Nguyen, including Defendant Nguyen's statement to her upon arrival that Plaintiff was "a reported card counter" and that Nguyen needed "some form of ID" (including Plaintiff's driver's license), and any matter raised in her deposition testimony, body-worn camera video, or prior statements.

6.    Brian Donis, c/o Anthony Derwinski, 1700 Lincoln St., Denver, CO 80203, 303-623-1131, may testify regarding his background and role on October 19–20, 2021, including his observations and involvement relating to Plaintiff, communications with Defendant Nguyen and/or Ameristar personnel, the events in the parking garage, and any matter raised in his deposition testimony or prior statements.

7.    Robert Martinez, c/o Anthony Derwinski, 1700 Lincoln St., Denver, CO 80203, 303-623-1131, may testify regarding his background and role on October 19–20, 2021, including his observations and involvement relating to Plaintiff, communications with Defendant Nguyen and/or Ameristar personnel, and any matter raised in discovery, deposition testimony, or prior statements.

8.      Angelia Gallagher, c/o Anthony Derwinski, 1700 Lincoln St., Denver, CO 80203, 303-623-1131, may testify regarding her background and employment at Ameristar, her observations and involvement on October 19–20, 2021, including communications with surveillance and/or other Ameristar personnel concerning Plaintiff, and any matter raised in discovery, the Ameristar Incident Report, deposition testimony, video, or prior statements.

**Defendant Nguyen:**

1.      Joseph Nguyen, c/o Katherine M.L. Pratt, 1700 Lincoln St., Denver, CO 80203, 303-575-8061, is expected to testify regarding his background, knowledge, and training in his role as an employee of the Division of Gaming, his interactions with Plaintiff and others regarding the events of October 19-20, 2021, his communications with other witnesses in this case, the reasons he conducted an investigative stop of Plaintiff, his knowledge of gaming laws, any matter raised in his deposition testimony, his knowledge as described in the parties' Fed. R. Civ. P. 26(a)(1) disclosures, and any of his prior statements produced in this case.

**Defendant Ameristar:**

1.      Plaintiff

2.      Dylan Jackson, c/o Anthony Derwinski, is expected to testify regarding his background, employment at Ameristar and his interaction with Plaintiff, and the claim of conversion asserted by Plaintiff.

(2) witnesses who <u>may</u> be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

**Plaintiff:** Plaintiff further reserves the right to call any witness listed by any party for rebuttal or impeachment, and does not waive any objection to admissibility.

Jeremy "J" Wolff, who may be contacted through Bradford Jones, Colorado Office of the Attorney General, Ralph L. Carr Judicial Building, 1300 Broadway, 10th Floor, Denver, CO 80203, 720-508-6355, may testify regarding the structure and role of the Colorado Division of Gaming; the titles, duties, authority, training, and policies applicable to Division of Gaming criminal investigators; coordination with local law enforcement; and the creation, maintenance, and interpretation of Division records relating to Defendant Nguyen's interaction with Plaintiff on October 19–20, 2021, as well as any matter raised in discovery, deposition testimony, or prior statements.

**Defendant Nguyen:**

1.      Robert Martinez, c/o Anthony Derwinski, 1700 Lincoln St., Denver, CO 80203, 303-623-1131, is expected to testify regarding his background, knowledge, and training in his role as an employee of Ameristar, his interactions with Plaintiff and others regarding the events of October 19-20, 2021, his communications with other witnesses in this case, his knowledge of gaming laws, any matter raised in his deposition testimony, his knowledge as described in the parties' Fed. R. Civ. P. 26(a)(1) disclosures, and any of his prior statements produced in this case.

2.      Brian Donis, c/o Anthony Derwinski, 1700 Lincoln St., Denver, CO 80203, 303-623-1131, is expected to testify regarding his background, knowledge, and training in his role as an employee of Ameristar, his interactions with Plaintiff and others regarding the events of October 19-20, 2021, his communications with other witnesses in this case,

his knowledge of gaming laws, any matter raised in his deposition testimony, his knowledge as described in the parties' Fed. R. Civ. P. 26(a)(1) disclosures, and any of his prior statements produced in this case.

3.      Dylan Jackson, c/o Anthony Derwinski, 1700 Lincoln St., Denver, CO 80203, 303-623-1131, is expected to testify regarding his background, knowledge, and training in his role as an employee of Ameristar, his interactions with Plaintiff and others regarding the events of October 19-20, 2021, his communications with other witnesses in this case, his knowledge of gaming laws, any matter raised in his deposition testimony, his knowledge as described in the parties' Fed. R. Civ. P. 26(a)(1) disclosures, and any of his prior statements produced in this case.

4.      AJ Hardman, c/o Anthony Derwinski, 1700 Lincoln St., Denver, CO 80203, 303-623-1131, is expected to testify regarding his background, knowledge, and training in his role as an employee of Ameristar, his interactions with Plaintiff and others regarding the events of October 19-20, 2021, his communications with other witnesses in this case, his knowledge of gaming laws, any matter raised in his deposition testimony, his knowledge as described in the parties' Fed. R. Civ. P. 26(a)(1) disclosures, and any of his prior statements produced in this case.

5.      Stephanie Whitman, c/o Peter H. Doherty, 8822 South Ridgeline Boulevard, Suite 405, Highlands Ranch, CO 80129, 303-730-3900, is expected to testify regarding her background, knowledge, and training in his role as an employee of the Black Hawk police department, her interactions with Plaintiff and others regarding the events of October 19-20, 2021, her communications with other witnesses in this case, any matter

10

raised in her deposition testimony, his knowledge as described in the parties' Fed. R. Civ. P. 26(a)(1) disclosures, and any of her prior statements produced in this case.

6.      Jeremy "J" Wolff, who may be contacted through Bradford Jones, Colorado Office of the Attorney General, Ralph L. Carr Judicial Building 1300 Broadway, 10th Floor, Denver, CO 80203, 720-508-6355, is expected to testify regarding the structure of the Division of Gaming including but not limited to its role within the Colorado Department of Revenue; the role, title, duties and obligations of criminal investigators employed by the Division of Gaming; gaming laws and regulations to the extent enforced by the Division of Gaming; any documents he reviewed or authored; his review of the Division of Gaming incident report regarding Defendant Nguyen's interaction with Plaintiff on or about October 19-20, 2021; and any other issue relevant to this case about which he has personal knowledge.

7.      Any witness needed for impeachment, rebuttal, or authentication of documents.

**Defendant Ameristar:**

1.      In addition to the preceding witnesses, Ameristar lists by reference any witness listed by the parties and any witness which may be called in rebuttal. Ameristar does not waive any objection it may have to the admissibility of the testimony of any such witness in the event any such witness is called. Ameristar reserves the right to call any witness needed for rebuttal or impeachment.

> (3) witnesses where testimony is expected to be presented by means of a deposition and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony.  See Fed. R. Civ. P. 26(a)(3)(B).

11

**Plaintiff:**

1.      Plaintiff anticipates presenting witness testimony live at trial, but reserves the right to present deposition testimony and designations as permitted by Fed. R. Civ. P. 32(a) and consistent with Fed. R. Civ. P. 26(a)(3)(B) and the Court's requirements, including GPG Civil Standing Order (I)(3). Plaintiff also reserves the right to seek leave for contemporaneous remote testimony where warranted.

**Defendant Nguyen:**

1.      Defendant Nguyen anticipates that all witnesses he may call will be present to testify in person, but reserves the right to submit deposition testimony in the event that he assesses it to be necessary and allowable under Fed. R. Civ. P. 32(a)(2) through (8). Defendant Nguyen will comply with court requirements outlined in GPG Civil Standing Order (I)(3) and Fed. R. Civ. P. 32.  In the event a witness is outside the jurisdiction of the Court, but otherwise available to testify, Defendant Nguyen may request leave to present live testimony via video conference, if necessary.

**Defendant Ameristar:**

1.      None at present. Ameristar reserves the right to alter this position pursuant to the rules and standing orders of the Court.

b.      Expert witnesses to be called by each party.

(1) witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

**Plaintiff:**

1.      None.

**Defendant Nguyen:**

12

1.    None.

**Defendant Ameristar:**

1.    None.

(2) witnesses who may be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

**Plaintiff:**

1.    None.

**Defendant Nguyen:**

1.    None.

**Defendant Ameristar:**

1.    None.

(3) witnesses where testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.  See Fed. R. Civ. P. 26(a)(3)(B).

**Plaintiff:**

1.    None.

**Defendant Nguyen:**

1.    None.

**Defendant Ameristar:**

1.    None.

## 7.    EXHIBITS

**(1)    Plaintiff:**

1.    10/20/2021 Ameristar Incident Report (DOG 000007-000008)

2.    10/20/2021 Ameristar Surveillance Department Count Sheet (DOG 000007-000009)

3.    10/20/2021 Department of Gaming Case Summary (DOG 000001-000003)

4.    Plaintiff's Tennessee Driver's License (DOG 000004)

5.    10/20/2021 Whitman Bodycam Audio and Video Recording (BH 000010)

6.    10/20/2021 Black Hawk Police Department Radio Traffic Report (BH 000012)

7.    10/20/2021 Black Hawk Police Department Eforce Call Detail 1 (BH 000008-000009)

8.    10/20/2021 Black Hawk Police Department Eforce Call Detail 2 (BH 000007)

9.    10/20/2021 Recording of Plaintiff's hang-up 911 call to Black Hawk Police Department (BH 000011)

10.    10/20/2021 Gilpin County Sheriff's Office Recording of 911 call (Nguyen 000002)

11.    10/20/2021 Gilpin County Communications record of stop (Nguyen 000003-000004)

12.    Plaintiff's Cellphone Video (Shiraef Deposition Exhibit 9)

13.    10/20/2021 Ameristar Security footage of blackjack table, angled

14.    10/20/2021 Ameristar Security footage of blackjack table, overhead (Jackson Deposition Exhibit 2, Video 2)

14

15.    10/20/2021 Ameristar Security footage of interactions with Plaintiff (Jackson Deposition Exhibit 2, Video 3)

16.    10/20/2021 Ameristar parking garage surveillance footage of stop/detention (Ameristar video footage (D. 87))

17.    Photo of gaming rules sign (Nguyen 000001)

18.    10/20/2021 Donis email (Produced by Defendant Ameristar via email on 3/19/2024)

**(2)    Defendant Nguyen:**

101.    8/3/2023 Plaintiff's Responses to Defendant Ameristar's Discovery Requests

102.    11/1/2023 Plaintiff's Responses to Defendant Nguyen's Discovery Requests

103.    10/20/2021 Recording of Plaintiff's hang-up 911 call to Black Hawk Police Department (BH 000011)

104.    10/20/2021 Black Hawk Police Department Radio Traffic Report (BH 000012)

105.    10/20/2021 Black Hawk Police Department Eforce Call Detail 1 (BH 000008-000009)

106.    10/20/2021 Black Hawk Police Department Eforce Call Detail 2 (BH 000007)

107.    10/20/2021 Department of Gaming Case Summary (DOG 000001-000003)

108.    Plaintiff's Tennessee Driver's License (DOG 000004)

109.    10/20/2021 Ameristar Incident Report (DOG 000007-000008)

110.   10/6/2022 Email sent by Jeremy Wolff (DOG 000085)

111.   5/9/2022 Email sent by Jeremy Wolff (DOG 000111)

112.   Photo of gaming rules sign (Nguyen 000001)

113.   10/20/2021 Gilpin County Sheriff's Office Recording of 911 call (Nguyen 000002)

114.   10/20/2021 Gilpin County Communications record of stop (Nguyen 000003-000004)

115.   Plaintiff's Cellphone Video (Shiraef Deposition Exhibit 9)

116.   10/20/2021 Ameristar Security footage of blackjack table, angled (Jackson Deposition Exhibit 2, Video 1)

117.   10/20/2021 Ameristar Security footage of blackjack table, overhead (Jackson Deposition Exhibit 2, Video 2)

118.   10/20/2021 Ameristar Security footage of interactions with Plaintiff (Jackson Deposition Exhibit 2, Video 3)

119.   10/20/2021 Donis email (Produced by Defendant Ameristar via email on 3/19/2024)

120.   Any document needed for rebuttal, impeachment, or foundation.

**(3)    Defendant Ameristar:**

201.   Ameristar video footage (D. 87)

202.   Ameristar gaming rules sign (Nguyen 000001)

203.   Ameristar affidavit (D. 84-1)

204.    Ameristar reserves the right to use any exhibit disclosed in discovery or in the defense of the case for rebuttal or impeachment.

Copies of listed exhibits must be provided to opposing counsel and any pro se party no later than 30 days before trial. The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by electronic delivery via the Court's ECF system no later than 14 days after the exhibits are provided.

## 8.    DISCOVERY

Discovery has been completed.

## 9.    SPECIAL ISSUES

The parties have conferred regarding whether the remaining claims should be tried together or separately. Ameristar proposes severance of the conversion claim against Ameristar and the ELEIA claim against Nguyen for trial. Defendant Nguyen does not oppose severance. Plaintiff opposes severance. Plaintiff seeks economic, as well as non-economic compensatory and punitive damages associated with the conversion claim against Ameristar.  However, Ameristar contends that, as a matter of law, the conversion claim supports only economic damages and that non-economic and exemplary damages are not recoverable on that claim. Ameristar estimates that, if the conversion claim is tried separately, it could be completed in one day, while the parties anticipate that trial of the ELEIA claim would require approximately one week.

## 10.    SETTLEMENT

a.    Counsel for Plaintiff and Ameristar have discussed settlement; no resolution has been reached; further negotiations are not expected to be productive. No settlement discussions have occurred between counsel for Nguyen and Plaintiff.

b.    No settlement conference or mediation has occurred.

c.    The parties were promptly informed of all offers of settlement.

d.    Counsel for the parties and any *pro se* party do not intend to hold future settlement conferences.

e.    It appears from the discussion by all counsel and any pro se party that there is little chance of settlement.

f.    Counsel for the parties and any *pro se* party considered ADR in accordance with D.C.COLO.LCivR. 16.6.

## 11.    OFFER OF JUDGMENT

Counsel and any pro se party acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure.  Counsel have discussed it with the clients against whom claims are made in this case.

## 12.    EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice. The pleadings will be deemed merged herein. This Final Pretrial Order supersedes the Scheduling Order. In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made

18

to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

### 13.    TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

The parties respectfully request that the trial of this matter be conducted in Denver in accordance with Judge Gallagher's Notice to Attorneys in Civil Cases.  The trial is to a jury.  The parties estimate that the ELEIA claim can be conducted in five (5) days. The parties estimate the conversion claim can be conducted in one (1) day.

DATED this ____3rd_____ day of ___February_____, 20_26___.

BY THE COURT

_____
Hon. Gordon P. Gallagher

APPROVED:

s/_____
Harris Ammerman
Law Office of Harris S. Ammerman
1115 Massachusetts Ave. NW
Washington, DC 20002
(301) 655-0606
hsaaba@aol.com
*Attorney for Plaintiff*

s/_____
Katherine M.L. Pratt
Ruegsegger Simons & Stern, LLC
1700 Lincoln St., Ste. 4500
Denver, CO 80203
303-575-8061
kpratt@rs3legal.com
*Attorney for Defendant Nguyen*

s/_____
Anthony E. Derwinski
Jonathan K. Cooper
Ruegsegger Simons & Stern, LLC
1700 Lincoln St., Ste. 4500

Denver, CO 80203
303-623-1131
aderwinski@rs3legal.com
jcooper@rs3legal.com
*Attorneys for Defendant Ameristar*