**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-02638-GPG-TPO
(consolidated with 1:23-cv-02702-PAB-MEH)

JOSEPH SHIRAEF,

     Plaintiff,

vs.

AMERISTAR CASINO BLACK HAWK, LLC,
JOSEPH NGUYEN, in his Individual Capacity,

     Defendants.

_____

**DEFENDANT NGUYEN'S BRIEF REGARDING DAMAGES PURSUANT TO THE
COURT'S ORDER OF FEBRUARY 3, 2026 [ECF 224]**

_____

Defendant, Joseph Nguyen, ("Nguyen") by and through his undersigned counsel, hereby submits his brief regarding damages pursuant to the Court's order of February 3, 2026 [ECF 224], as follows:

1.     On February 3, 2026, the Court held a final pre-trial conference in this civil action. During the conference, the Court ordered Plaintiff to file a brief by February 8, 2026, "with regard to their view of damages that is no more than five pages, exclusive of title page and signature." ECF 224, p. 2. The Court further ordered that the "appropriate defendant is to file a response that is no more than five pages in length within fourteen days of the filing of the brief…." *Id.* Plaintiff did not file any brief as ordered by the Court and has waived his right to do so.

2. Notwithstanding Plaintiff's waiver, Defendant Nguyen hereby timely submits his brief respecting damages as to the sole remaining claim against him pursuant to ELEIA. Defendant Nguyen reserves the right to raise any additional arguments respecting damages at the time of trial, but provides this brief in accordance with the Court's order specifically with regard to an issue that is unique to Colorado law.

3. The Court should not allow Plaintiff to seek punitive damages against Defendant Nguyen. In particular, the Court should decline to give the jury an instruction on punitive damages and should not allow the inclusion of a line item for punitive damages on the verdict form.

4. Colorado law provides as follows with regard to punitive damages:

(1)(a) In all civil actions in which damages are assessed by a jury for a wrong done to the person or to personal or real property, and the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct, the jury, in addition to the actual damages sustained by such party, may award him reasonable exemplary damages. The amount of such reasonable exemplary damages shall not exceed an amount which is equal to the amount of the actual damages awarded to the injured party.

(b) As used in this section, "willful and wanton conduct" means conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others, particularly the plaintiff.

(1.5)(a) A claim for exemplary damages in an action governed by this section may not be included in any initial claim for relief. A claim for exemplary damages in an action governed by this section may be allowed by amendment to the pleadings only after the exchange of initial disclosures pursuant to rule 26 of the Colorado rules of Civil procedure and the plaintiff establishes prima facie proof of a triable issue. After the plaintiff establishes the existence of a triable issue of exemplary damages, the court may, in its discretion, allow additional discovery on the issue of exemplary damages as the court deems appropriate.

*See* C.R.S. 13-21-102.

5.      Plaintiff never filed a motion for leave to amend his complaint to add a claim for punitive damages as required by Colorado law and has made no prima facie showing to support the availability of punitive damages in this case.  Mr. Nguyen served his initial disclosures on October 18, 2023.   Discovery is closed.   "Simple negligence cannot support such an award."  *Homeowners Assoc. of Players Club Villas Townhomes, Inc. v. QBE Ins. Corp.*, Civil Action No. 22-cv-02364-NYW-SBP, 2025 WL 887425 at *9 (quoting *Blood v. Qwest Servs.*, 224 P.3d 301, 314 (Colo. App. 2009)).  "Prima facie evidence is evidence that, unless rebutted, is sufficient to establish a fact."  *Stamp v. Vail Corp.*, 172 P.3d 437, 449 (Colo. 2007) (citation omitted).  "Such proof is established by 'a reasonable likelihood that the issue will ultimately be submitted to the jury for resolution.'"  *Players Club*, 2025 WL 887425 at *9 (quoting *Leidholt v. Dist. Ct.*, 619 P.2d 768, 771 n.3 (Colo. 1980)).

6.      Plaintiff offers no explanation why he failed to file an appropriate motion, provides no prima facie evidence of any kind, and should not be permitted to do so at this late stage of the proceedings.  *See Players Club*, 2025 WL 887425 at *9 (disallowing punitive damages request in the absence of any counterarguments from plaintiff with respect to procedural infirmities stemming from a failure to adhere to Colorado's exemplary damages statute).  Due to this procedural infirmity, the Court should not allow Plaintiff to seek punitive damages in this case.

7.      Even if Plaintiff had filed the required motion, the evidence does not support a claim for punitive damages.  "To recover exemplary damages, the claimant must 'show, **beyond a reasonable doubt**, that the act causing the injury was done 'with an evil intent

3

and with the purpose of injuring the plaintiff, or with such a wanton and reckless disregard of his rights as [to] evidence a wrongful motive.'" *Henck v. Sombrero Stables, LLC*, No. 21CA1305, 2023 WL 12056968, at *6 (Colo. App. Mar. 16, 2023) (quoting *Pizza v. Wolf Creek Ski Dev. Corp.*, 711 P.2d 671, 684 (Colo. 1985) (citation omitted; emphasis added)). "[W]illful and wanton conduct is not merely negligent; instead, it must exhibit a conscious disregard for the danger." *Martinez v. Est. of Bleck*, 2016 CO 58, ¶ 32. "'[W]illful and wanton conduct' means conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others, particularly the plaintiff." *Johnson v. Staab*, 2025 COA 45, ¶ 40, 571 P.3d 939, 946–47, *cert. denied,* No. 25SC348, 2026 WL 125124 (Colo. Jan. 12, 2026) (citing § 13-21-102(1)(b), C.R.S. 2024). A statement is made with a "reckless disregard for the truth" if the person making the statement "entertained serious doubts as to the truth of the statement or acted with a high degree of awareness of its probable falsity." *Rosenblum v. Budd*, 2023 COA 72, ¶ 39, 538 P.3d 354 (citation omitted) (discussing actual malice); *see Beard v. City of Northglenn*, 24 F.3d 110, 116 (10th Cir. 1994) (noting that a demonstration of the officer's recklessness requires "evidence that the officer '"in fact entertained serious doubts as to the truth of his" allegations ... and [a] factfinder may infer reckless disregard from circumstances evincing "obvious reasons to doubt the veracity" of the allegations' ") (citation omitted)).

8.      In this case, Mr. Nguyen was called to the Ameristar casino to perform an age verification. Plaintiff presented a wrist-band he claimed showed his identification had already been checked, refused to show his identification when Ameristar employees

4

explained that the wrist-band was insufficient because Ameristar did not issue wrist-bands, walked away from the Ameristar manager without showing any identification and began leaving the casino, and when Mr. Nguyen arrived in the parking garage of the casino continued to refuse to show his identification.  Limited gaming offered in casinos in Colorado is a restricted activity—just like driving a car or buying alcohol or tobacco.  Establishments have every right—and indeed a legal obligation—to ensure that patrons are of age to participated in limited gaming.  In Colorado, it is a crime for a person under age 21 to "[p]articipate, play, be allowed to play, place wagers, or collect winnings, whether personally or through an agent, in or from any limited gaming game or slot machines."   C.R.S. § 44-30-809(1)(a)(III) (2025).   Plaintiff's behavior made casino personnel suspect he was under-age.  This information was conveyed to Mr. Nguyen.  Mr. Nguyen had reasonable suspicion to stop Plaintiff and check his identification.  Once he did so and learned that Plaintiff was over the age of 21 years (which took all of a few minutes), he released the Plaintiff.  It was Plaintiff who decided to continue arguing with the officers present on the scene, which prolonged the minimal intrusion from a few minutes to roughly 10-11 minutes in total.  There was no arrest.  There was no use of force.  Plaintiff suffered no damages to his person or property and will not be able to present evidence sufficient to support compensatory damages—let alone punitive damages.

WHEREFORE, for each of these reasons, Defendant Nguyen respectfully requests that this Court enter an order precluding Plaintiff from seeking punitive damages and for any further relief that the Court deems just and proper.

Respectfully submitted this 20th day of February, 2026.

RUEGSEGGER SIMONS & STERN, LLC


*s/ Katherine M.L. Pratt*
Katherine M.L. Pratt
1700 Lincoln St., Suite 4500
Denver, CO 80203
Email: kpratt@rs3legal.com

*Attorney for Defendant Joseph Nguyen*

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 20, 2026, a true and correct copy of the above and foregoing **DEFENDANT NGUYEN'S BRIEF REGARDING DAMAGES PURSUANT TO THE COURT'S ORDER OF FEBRUARY 3, 2026 [ECF 224]** was electronically filed with the Clerk of Court using the CM/ECF system, which shall cause electronic service upon the following:

Harris Ammerman
Law Office of Harris S. Ammerman
1115 Massachusetts Ave. NW
Washington, DC 20002
(301) 655-0606
hsaaba@aol.com

*Attorney for Plaintiff*

Peter H. Doherty
Lasater & Martin PC
8822 South Ridgeline Boulevard
Suite 405
Highlands Ranch, CO 80129
Emails: peter@lasaterandmartin.com

*Attorney for City of Black Hawk and Officer Whitman*

Anthony E. Derwinski
Ruegsegger Simons & Stern LLC
1700 Lincoln Street
Suite 4500
Denver, CO 80203
Email: aderwinski@rs3legal.com

*Attorney for Defendants Ameristar Casino Black Hawk, LLC*

*s/ Hannah Hibbs*
Hannah Hibbs, Paralegal

7