IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02638-GPG-TPO (Lead Case)
    (*Consolidated with 23-cv-02702-GPG-TPO*)

JOSEPH SHIRAEF,

      Plaintiff,

v.

AMERISTAR CASINO BLACK HAWK, LLC, et al.

      Defendants.

---

**ORDER**

---

**Timothy P. O'Hara, United States Magistrate Judge.**

Before the Court is Plaintiff's Motion for Leave to File Plaintiff's Damages Brief Out of Time Pursuant to Fed. R. Civ. P. 6(b)(1)(B). *See* ECF 228. The matter was referred to this Court by U.S. District Judge Gordon P. Gallagher. *See* ECF 229. This Court has considered both the Motion and Defendants' Joint Response in Opposition [ECF 230]. The Plaintiff's Motion is **denied without prejudice**.

On February 3, 2026, in advance of the Jury Trial set for November 30, 2026, Judge Gallagher ordered Plaintiff to file a brief on the issue of damages on or before February 8, 2026. *See* ECF 224 at 2. Plaintiff failed to do so. Defense counsel filed their respective briefs on the issue of damages on February 20, 2026 [ECFs 226 & 227], within the deadline set by Judge Gallagher. *See* ECF 224 at 2. Then on February 26, 2026, Plaintiff moved for the Court to accept a late filing of his damages brief. ECF 228. Without explanation, Plaintiff notes generally that the "delay resulted from confusion during the transition associated with Plaintiff Counsel's recent entry into

1

the case."[1] Plaintiff's counsel also indicates that the damages brief was included as an exhibit to the Motion for Leave to File. *See* ECF 228 at 1 (referencing Exhibit A). In fact, the damages brief was not included as an exhibit. Instead, Plaintiff's counsel attached a second copy of the Motion for Leave to File as an exhibit. *See* ECF 228-2.

Pursuant to Fed. R. Civ. P. 6(b)(1)(B), a request to extend a deadline made after the deadline may be granted if the party missed that deadline because of excusable neglect. Based on the limited information presented by Plaintiff, he has failed to demonstrate excusable neglect to extend the deadline for the filing of his damages brief. *See Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993) (noting the relevant factors). Neither of the reasons stated by Plaintiff constitutes excusable neglect: both Plaintiff's counsel were present at the hearing when Judge Gallagher set the original deadline and Plaintiff failed to file the damages brief as part of the Motion for Leave [ECF 228] or subsequent thereto, even after receiving Defendants' Joint Response noting that Plaintiff failed to attach his brief to the Motion. *See* ECF 230 at 4. As a result, the Motion [ECF 228] is **denied without prejudice**.

DATED at Denver, Colorado, this 21st day of April, 2026.

BY THE COURT:

_____
Timothy P. O'Hara
United States Magistrate Judge

---

[1]    Plaintiff's second counsel entered an appearance on February 2, 2026, and appeared at the February 3, 2026 Final Pretrial Conference. *See* ECF 224.